**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nathaniel James LANDRY,**
**Defendant–Appellant.**

**No. 01–30031.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002.*

Decided April 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM **

Nathaniel James Landry appeals the 46–month sentence imposed following his guilty-plea convictions for dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), and unlicensed sale of a firearm to a non-resident, in violation of 18 U.S.C. § 922(a)(5). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in part, reverse in part, and remand.

Landry contends that the district court erred by applying a four-level enhancement pursuant to § 2K2.1(b)(1)(D) of the United States Sentencing Guidelines ("U.S.S.G.") for the unlawful sale of 13–24 firearms. Specifically, Landry contends that the transactions detailed in the Presentence Investigation Report ("PSR") do not contain sufficient indicia of reliability,

and further, that the PSR alone is insufficient to support the court's finding, by a preponderance of the evidence, that he made at least 13 sales. Because Landry raises these contentions for the first time on appeal, we review for plain error, *see United States v. Marin–Cuevas,* 147 F.3d 889, 892–93 (9th Cir.1998), and conclude that they lack merit.

The transactions contested by Landry were observed by Bureau of Alcohol, Tobacco and Firearms ("ATF") agents or an undercover cooperating individual under circumstances consistent with the sales he made to ATF agents that Landry conceded were unlawful. It cannot be said, therefore, that the sentencing court abused its discretion when it found the evidence sufficiently reliable to support the conclusion that Landry sold at least 13 firearms. *See id.* at 895 (stating that a district court judge's determination that a particular item of evidence is sufficiently reliable to be considered at sentencing is reviewed for an abuse of discretion).

Landry's contention that the PSR alone is insufficient to support the district court's finding that he unlawfully sold 13–24 firearms also fails. The PSR meets the preponderance of the evidence standard and may be relied upon by a sentencing court unless the defendant challenges the PSR as factually inaccurate. *Id.* Because Landry did not challenge its factual accuracy, the district court properly relied on the PSR to find that Landry unlawfully sold 13–24 firearms. The district court's four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(D) is therefore affirmed.

Landry further contends that the district court erred when it applied a four-level enhancement pursuant to U.S.S.G.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

§ 2K2.1(b)(5) on the grounds that Landry sold a firearm knowing that the purchaser would commit a felony by possessing a firearm. Because, as the government concedes on page 15 of its brief, there was error under § 2K2.1(b)(5), accordingly, we reverse and remand for the limited purpose of resentencing without the § 2K2.1(b)(5) enhancement.

AFFIRMED in part, REVERSED in part, and REMANDED.